# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-0028V
Filed: January 28, 2014

* * * * * * * * * * * * * * * * * * * * * * * * *　　　NOT TO BE PUBLISHED

JACLYN ELIZABETH FARRAR, as　　　　*
parent and next friend of, MADISON MAE　*
FARRAR,　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　　Special Master
　　　　　　　　　　　　　　　　　　*　　Hamilton-Fieldman
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　Petitioner,　　　　*　　Vaccine Act Attorneys' Fees; Reasonable
v.　　　　　　　　　　　　　　　　　*　　Basis for Claim.
　　　　　　　　　　　　　　　　　　*
SECRETARY OF HEALTH　　　　　　*
AND HUMAN SERVICES,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　Respondent.　　　*
* * * * * * * * * * * * * * * * * * * * * * * * *

Howard S. Gold, Wellesley Hills, MA, for Petitioner.
Ryan D. Pyles, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 13, 2012, Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that various

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references

vaccinations injured Madison. Petition ("Pet.") at 1, ECF No. 1. Petitioner filed her expert report on August 30, 2012. Notice of Filing, ECF No. 11. The previously assigned special master had a number of concerns about that report, which were discussed with the parties during a status conference, held on October 17, 2012, and memorialized in the Scheduling Order filed October 22, 2012. Scheduling Order, ECF No. 14. Petitioner was directed to file a supplemental expert report no later than December 7, 2012, *id.*, a deadline which was subsequently extended. *See* Order to Show Cause, ECF No. 18. Petitioner moved to dismiss the case on January 30, 2013, ECF No. 19, a motion which was granted on January 31, 2013. Decision, ECF No. 20. The case was reassigned to the undersigned, pursuant to Vaccine Rule 3(d), on March 4, 2013. Order Reassigning Case, ECF No. 21.

Judgment on the dismissal entered on March 7, 2013. Judgment, ECF No. 22. On March 15, 2013, the undersigned issued a Scheduling Order concerning attorneys' fees, directing Petitioner to file a status report updating the Court on her application for fees and the progress of any attempts to resolve the issue of attorneys' fees informally. Scheduling Order, ECF No. 23. That Scheduling Order informed Petitioner that any application for fees "must be filed" no later than September 3, 2013, and that failure to file a timely application for fees would result in no award. *Id.* Petitioner filed her application for fees on September 4, 2013, seeking costs in the amount of $2661.12, and fees in the amount of $8,361.00. First Motion for Attorney Fees, ECF No. 24.

Respondent objected to Petitioner's Motion for Fees on the grounds that it was untimely filed, but stated in footnote 2 that the timeliness was the only issue; the amount of fees and costs was not disputed. Response, ECF No. 25. On October 25, 2013, Petitioner's counsel, Howard S. Gold, filed an affidavit in which he averred that he had not received the Scheduling Order of March 15, 2013. Motion for Leave to File, ECF No. 26. The matter is now ripe for decision.

The undersigned was initially inclined to deny as untimely this request for fees. In keeping with its stream-lined, minimally adversarial nature, there are relatively few hard deadlines in the Vaccine Compensation Program; the deadline to request attorneys' fees and costs is one of those deadlines. Vaccine Rule 13(a) (RCFC, Appendix B) provides that "[a]ny request for attorney's fees and costs pursuant to 42 U.S.C. §300aa-15(e) **must** be filed no later than 180 days after the entry of judgment. . ." (emphasis supplied). The 180-day period allowed for the filing of a request for attorneys' fees and costs is extremely generous. By contrast, in cases proceeding pursuant to the Federal Rules of Civil Procedure (F.R.C.P.), a party has only fourteen days from the entry of judgment to file its bill of costs and motion for attorneys' fees. FED. R. CIV. P. 54(d)(2)(B)(i). In addition to its inclusion in the Vaccine Rules, the 180-day deadline is reiterated to the parties in the Order entering judgment (*see, e.g.*, Judgment, ECF No. 22), and although it

will be to 42 U.S.C. § 300aa of the Act.

is not the responsibility of the special masters to serve as counsel's tickler system, a scheduling order was nonetheless issued in this case reminding Petitioner of this deadline. However, the motion requesting fees and costs was filed one day late.

Countervailing to the undersigned's inclination to hold counsel firmly to this deadline are a number of decisions from other special masters awarding fees even though the fee applications were not timely filed. *See, e.g.*, *Gabbard v. Sec'y of Health & Human Servs.*, No. 99-451V, 2009 WL 1456434, at \*2 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) ("Routinely, special masters grant enlargements of time to file applications for attorneys' fees and costs."); *Carrington v. Sec'y of Health & Human Servs.*, No. 99-495V, 2008 WL 2683632, at \*1 (Fed. Cl. Spec. Mstr. June 18, 2008) (untimely application stricken, but Petitioner was permitted to file a motion to file the application out of time). In *Gabbard*, counsel, who had filed a number of applications out of time, was awarded fees, but was "placed on notice that failure to comply with Vaccine Rule 13 may result in the denial of applications for attorneys' fees and costs in their entirety." *Gabbard*, 2009 WL 1456434, at \*4. That is the approach the undersigned will take to the pending request: This is Attorney Gold's one late attorneys' fees case before this special master. Any future late-filed applications from this attorney may be denied in their entirety, absent compelling circumstances.

Petitioner is awarded costs in the amount of $2,661.12, and attorneys' fees in the amount of $8,361.00. The award shall be made in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Howard Gold, Esq., for costs, in the amount of $2,661.12, and for attorney's fees, in the amount of $8,361.00. [3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Under Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.